### M'DONOUGH vs. TREGRE & AL.

When the wife renoun‑ ces the com‑ munity, she has a mort‑ gage on pro‑ perty bought by the hus‑ band.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiff issued a *fi. fa.* in virtue of a judgment he had obtained against the defen‑ dant, and on the 22d of December, 1827, sold, in virtue of this execution, a slave called Jean‑ Denis.

On the 9th of January, 1828, the intervener, who is wife of the defendant, had judgment against him of separation, and recovered at the same time the amount which he had received of her proper effects, from the date of her mar‑ riage up to that of separation. On that judg‑ ment she has collected, as is shewn by the sheriff's return, $257.

She claims the proceeds of the slave, aver-

ing that her mortgage is higher than that of the
plaintiff—he resists the demand, on the ground
that the property seized was acquired during
marriage, and that it is first responsible for
community debts.

So that the only question of any importance
in the case is, whether the wife has a mortgage
on the property purchased during coverture,
which takes precedence ot the ordinary cre-
ditors of the husband.

We have no doubt that she has. Some of
the jurists of France have lately agitated this
question, and expressed their opinions against
the claim of the wife. But one of them, in the
last edition of his works, acknowledges that
the court of cassation has settled the question
in opposition to his views of the law, and that
he is bound to conclude those views were erro-
neous. One of the principal grounds of these
writers, is, that the code gives a mortgage on
the property of the husband, and that the pro-
perty acquired during marriage, belongs, not
to him, but to the community. This argu-
ment proceeds on the idea, that during mar-
riage, the wife, by the effect of the law, is a
partner in all the acquisitions made by the

husband.    But she is only so, in our judgment, when she accepts the community.    From the moment she renounces, as she did in this case, everything done during coverture, in regard to the purchase or alienation of property, con‐ cerns the husband alone; and as such, her mortgage attaches as completely on the effects purchased by him, as those he possessed before marriage.    The arguments on both sides of this question, are given at length in a note by *Paillette* 2121*st article of the Nap. Code. Persil, regime hypothecaire,* 2 *edit. vol.* 1, *p.* 268.    *Delvinconrt, cours de droit civil. vol.* 2. 654.    *Manuel de droit français.* 5 *ed. p.* 641.

We think there is sufficient evidence on record to shew that the husband did receive of the wife's property an amount larger than the proceeds of the sale of the slaves now claimed by her; and the objection of the lien not being recorded, cannot avail the plaintiff, for there does not appear to have been any written in- strument ever given *by him* which could have been registered.

It is therefore ordered, adjudged and de- creed, that the judgment of the district court be affirmed with costs.

*M'Caleb* for the plaintiff—*Cuvillier* for the defendants.